### REITER-FOSTER OIL CORP. v. BODOVITZ et al.

No. 30762. April 27, 1943.

Rehearing Denied June 15, 1943.

*138 P. 2d 95.*

Wilbur J. Holleman, of Tulsa, for plaintiff in error.

Busby, Harrell & Trice, of Ada, for defendants in error.

WELCH, J. Plaintiff sought to recover the alleged value of an oil and gas lease on a certain quarter section of land, on the theory it had been deprived of the property by the fraud of defendants and thereby damaged to that amount. It was plaintiff's contention that defendant Bodovitz in 1935, while president of plaintiff corporation, assigned this lease to defendant Ache, without consideration and without authority of the board of directors.

We state the following material facts: Plaintiff owned numerous items of property, and was indebted in substantial amount to several creditors. In December, 1934, by its then officers and directors, plaintiff offered and agreed to convey a number of items of property to defendant Ache, consisting of a number of mineral deeds, a number of oil and gas leases and interests in oil and gas leases, to be held by him in trust for the several creditors, including himself and defendant Bodovitz, who was not then an officer of plaintiff corporation.

This trust agreement was in writing and there was a schedule of the items of property to be so conveyed to Ache. The minutes of the directors' meeting in December, 1934, show the attendance of directors and that the trust agreement was authorized and approved and

that conveyances of the items of property to Ache were authorized to be executed and delivered. The minutes included a schedule of the items of property to be so conveyed.

It appears that the first schedule included the quarter section oil and gas lease here involved, but that the schedule written into the minutes omitted this one of the items of property.

Thereupon, in December, 1934, the then president of the plaintiff corporation conveyed to Ache all items of property shown in the schedule in the corporate minutes. Thereafter, in July, 1935, defendant Bodovitz was elected president of the corporation, and in that same month he and the secretary executed a corporation assignment to Ache of the quarter section lease here involved.

There is the controversy. Defendants contend that this quarter section lease was originally agreed to be conveyed to Ache in 1934, and that the July, 1935. assignment was made to carry out the agreement, while plaintiff claims to the contrary, and that the assignment of this lease to Ache was wholly fraudulent.

Further facts are that the original trust agrement provided in effect that if the plaintiff corporation did not pay the creditors, beneficiaries of the Ache trust, in six months, the property should cease to belong to the corporation, and should be the absolute property of Ache as trustee for the creditors. Though for some years thereafter it seems to have been considered by Ache and the officers and directors of plaintiff corporation that the corporation continued to own such properties or have an actual or contingent interest therein. Bodovitz retired as president of the corporation in April, 1936.

Various negotiations were had looking to the sale of these properties by Ache to pay the creditors, which culminated in 1937 in the sale of the properties by Ache and the application of the proceeds in payment of the corporate debts. At that time the corporation, by its then officers and directors (including neither Bodovitz nor Ache), executed its full release of any and all claims to any of the property or in any manner against Bodovitz or Ache. Prior thereto the officers and directors of plaintiff had for a year or more been in possession of the books of the corporation, which had ceased to show corporation ownership of any of this property or of the quarter section lease here involved, and various of the officers and directors had participated by conference and correspondence in negotiations for the sale of these properties by Ache.

In 1940 the officers and directors of plaintiff corporation read press notices in reference to drilling operations or as to values upon or about this quarter section lease, and again checked the December, 1934, minutes, and in January, 1941, commenced this action. This quarter section lease having been sold by Ache in 1937 and the proceeds therefrom and from sale of the other items of property having been then dispersed to the corporate creditors.

At the conclusion of plaintiff's evidence and upon demurrer of the defendants, the court considered the evidence and rendered judgment for the defendants.

We understand plaintiff's contention here to be that the finding and judgment of the court are not supported by the evidence and are contrary to the evidence and to the law.

We construe the defendants' position to be that the evidence justified the conclusion that the quarter section lease involved was agreed to be conveyed to Ache in trust along with the other items of property; that the same was omitted from the schedule in the corporate minutes by inadvertence and was thereafter conveyed or assigned in good faith to carry out the original trust agreement; that the officers and directors of the plaintiff corporation prior to the 1937 sale had knowledge that Ache held an assignment of this quarter section lease, and knew that Ache was nego-

tiating to sell the same along with the other items of property to pay the outstanding corporation debts; that the assignment of this lease to Ache in July, 1935, though not separately authorized by the minutes of the corporation, was thereafter fully ratified by the release of the corporation and was sold and the proceeds disbursed to corporate creditors in 1937, all in good faith; and that therefore the plaintiff corporation was not wrongfully or fraudulently deprived of this lease.

The trial court found in favor of the theory and contentions of the defendants. That conclusion seems fairly sustained by the evidence, and in any event, we cannot say that such finding is clearly against the weight of the evidence.

The rule is definite that fraud is not presumed, but he who alleges fraud must prove it.

The plaintiff places reliance upon the rules governing the duty of officers of a corporation in dealing with property of the corporation. Those rules are likewise definite and quite wholesome, and while they sometimes appear to change the character or degree of proof of fraud, they do not dispense with the rule that fraud is not presumed, but must be proven. Though corporate officers are required to exercise the utmost good faith toward the corporation, they are not precluded from acting in good faith towards a grantee of corporate property or towards the creditors of the corporation.

We conclude that the plaintiff has not discharged the burden of so showing that the judgment of the trial court was erroneous or requires reversal.

Judgment affirmed.

RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur. HURST, J., concurs in result. CORN, C. J., GIBSON, V. C. J., and ARNOLD, J., absent.